**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ALICE MURTAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| | ) | |
| EXACTECH, INC. and | ) | *Plaintiff demands trial by jury* |
| EXACTECH, US, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

The Plaintiff, ALICE MURTAS, by and through her counsel, CURCIO LAW OFFICES, and complaining against the Defendants, EXACTECH, INC., and EXACTECH US., INC., states as follows:

**NATURE OF ACTION**

1.     This is an action for a personal injury arising out of a recall from a defective product being implanted into the hip of Plaintiff.

**JURISDICTION AND VENUE**

2.     At all times relevant hereto, Plaintiff, ALICE MURTAS, was a resident of the City of Chicago, County of Cook and State of Illinois.

3.     At all times relevant hereto, Defendant, EXACTECH, INC., was a for-profit Florida corporation with its principal place of business at 2320 NW 66th CT, Gainesville, Florida, 32653 and can be served through its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

4.     Exactech's stated business purpose is to "develop, manufacture, market, distribute and sell orthopedic implant devices, related surgical instrumentation and

1

biologic services to hospital and physicians in the United States and internationally" and to introduce its products into interstate commerce, either directly or indirectly through third parties or related parties.

5. At all times relevant hereto, Defendant, EXACTECH US, Inc., a wholly owned subsidiary of Defendant EXACTECH, INC., was a for-profit Florida corporation with its principal place of business at 2320 NW 66th CT, Gainesville, Florida, 32653 and can be served through its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

6. Defendant EXACTECH INC.'s "U.S. sales and distribution activities are conducted by wholly owned subsidiary EXACTECH US, INC." and EXACTECH US, INC. is engaged in the business of designing, developing, testing, assembling, manufacturing, packaging, labeling, preparing, distributing, marketing, supplying, warranting, selling, and introducing its products into interstate commerce, either directly or indirectly through third parties or related entities. Collectively, EXACTECH, INC. and EXACTECH US, INC. are referred to in this pleading as "EXACTECH."

7. Jurisdiction of this Court is proper pursuant to 28 U.S.C. 1332(a)(1) because this matter involves a suit between citizens of different States and the amount in controversy exceeds $75,000.

8. Venue is proper in accordance with 28 U.S.C. 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the geographical confines of the United States District Court for the Northern District of Illinois.

2

## STATEMENT OF FACTS

9.      At all times relevant, EXACTECH engaged, either directly or indirectly, in the business of designing, developing, testing, assembling, manufacturing, packaging, labeling, preparing, distributing, marketing, supplying, warranting, selling, and introducing into the stream of interstate commerce, either directly or indirectly through third parties or related entities, its products, including a hip replacement device within the State of Illinois with a reasonable expectation that the products would be used or consumed in this state, and thus regularly solicited or transacted business in this state.

10.      EXACTECH obtained fast-track FDA approval under the §510(k) market clearance process which does not involve a full review and evaluation of the product design for the hip replacement device which consists of four parts: the acetabular metal shell (Novation Crown Cup), the acetabular liner (Connexion GXL Liner), the femoral head and the femoral hip stem.

11.      The Novation Crown Cup is a hemispherical titanium "cup" designed to function as a hip socket and the Connexion GXL liner is an insert made from polyethylene plastic that is designed to go inside the cup and absorb friction.

12.      The Novation Crown Cup and Connexion GXL liners are used in total hip replacement surgery for the treatment of arthritis and osteoarthritis and occasionally for the treatment of femoral fractures.

13.      EXACTECH first released the Novation Crown Cup and Connexion GXL liner on the U.S. market in 2007.

14.     Soon after the Novation Crown Cup and Connexion GXL liners were released in the marketplace, EXACTECH began receiving reports that the polyethylene liners were wearing out rapidly leading to high early failure rates for the Novation hip implants.

15.     On April 25, 2017, Plaintiff underwent a surgical procedure to place the EXACTECH hip implant which included the Connexion GXL Liner, serial number 4120692.

16.     Plaintiff began experiencing increasing discomfort and pain following the implantation of the EXACTECH hip implant.

17.     In June of 2021, EXACTECH initiated a Class II recall for the Connexion GXL acetabular polyethylene liner components citing "premature prosthesis wear."

18.     The purpose of the July 2021 communication was to inform surgeons that EXACTECH had observed a higher-than-expected number of cases in which the Connexion GXL liner exhibited early linear and volumetric wear with associated periacetabular and proximal femoral osteolysis.

19.     In June of 2021, at the time of the recall, EXACTECH knew that its hip replacement implants with the Connexion GXL Liners were displaying unexpectedly high rates of early failure.

20.     In June of 2022, Plaintiff was advised by her medical professional that the hip implant she received was part of the Class II recall issued by EXACTECH in June of 2021.

4

21.　On September 16, 2022, Plaintiff underwent a revision surgery to replace the EXACTECH hip implant originally placed on April 25, 2017.

## COUNT I
## STRICT LIABILITY

1. – 21. Plaintiff hereby adopts and realleges Paragraphs 1 through 21 of the Statement of Facts as paragraphs 1 through 21 of Count I.

22.　On and before April 15, 2021, and at all times relevant herein, it was the duty of EXACTECH to refrain from designing, manufacturing, selling, distributing, and placing into the stream of commerce products that were unreasonably dangerous, unsafe, or whose risks outweigh their benefits.

23.　At the time the Connexion GXL acetabular polyethylene liner left the control of EXACTECH, the LINER was in an unreasonably dangerous and unsafe condition and the risks posed by its surgical implantation outweighed the benefits to the Plaintiff.

24.　EXACTECH breached its duty of care in one or more of the following ways:

(a)　Failed to design the Connexion GXL Liner in a manner that was safe for its intended use:

(b)　Failed to design and manufacture the packaging wrap containing the Connexion GXL Liner in a manner that ensured the liner was safe for its intended use;

(c)　Failed to design and manufacture the packaging wrap containing the Connexion GXL Liner in a manner that prevented premature oxidation of the Liner prior to its surgical implantation in the Plaintiff;

(d)    Failed to timely recall the defective Connexion GXL Liner at the earliest date that it became known that the Liners were defective and dangerous;

(e)    Failed to safely ship the Liner in a manner to prevent premature degradation of the product prior to its implantation into the Plaintiff.

25.    As a direct and proximate result of one or more of the aforementioned acts and/or omissions Plaintiff was severely and permanently injured, suffered past and future pain and suffering, suffered past and future disability and/or loss of normal life, suffered past and future emotional distress, suffered permanent disfigurement, and sustained a loss of past wages and will continue to suffer a loss in earning capacity for the remainder of her work life.

WHEREFORE, the Plaintiff, ALICE MURTAS, prays judgment against the Defendants, EXACTECH, for a sum in excess of the jurisdictional limit of the United States District Court, Northern District of Illinois, which shall represent fair and just compensation.

**COUNT II**
**BREACH OF EXPRESS WARRANTY**

1. – 21. Plaintiff hereby adopts and realleges Paragraphs 1 through 21 of the Statement of Facts as paragraphs 1 through 21 of Count II.

22.    At all times mentioned, Defendants EXACTECH expressly represented and warranted to Plaintiff, ALICE MURTAS, and Plaintiff's physicians, by and through statements made by Defendants and their authorized agents and/or sales representatives, orally and in publications, package inserts, and/or other written materials intended for physicians, medical patients, and the public, that its total hip

implant including the Connexion GXL Liner is safe, effective, fit, and proper for its intended use.

23.     Plaintiff, ALICE MURTAS, and her physicians selected the total hip implant device including the Connexion GXL Liner relying on the skill, judgment, representation, and foregoing express warranties of EXACTECH.

24.     EXACTECH's warranties and representations were false in that the Connexion GXL polyethylene Liner implanted into the body of Plaintiff, ALICE MURTAS, was unsafe and unfit for its intended use.

25.     As a direct and proximate result of one or more of the breach of express warranties by EXACTECH, Plaintiff, ALICE MURTAS, was severely and permanently injured, suffered past and future pain and suffering, suffered past and future disability and/or loss of normal life, suffered past and future emotional distress, suffered permanent disfigurement, and sustained a loss of past wages and will continue to suffer a loss in earning capacity for the remainder of her work life.

WHEREFORE, the Plaintiff, ALICE MURTAS prays judgment against the Defendants, EXACTECH, for a sum in excess of the jurisdictional limit of the United States District Court, Northern District of Illinois, which shall represent fair and just compensation.

## COUNT III
## BREACH OF IMPLIED WARRANTY

1. – 21. Plaintiff hereby adopts and realleges Paragraphs 1 through 21 of the Statement of Facts as paragraphs 1 through 21 of Count III.

22.    EXACTECH is in the business of designing, manufacturing, supplying, selling, and placing into the stream of commerce certain goods including a hip replacement device comprised of four parts, one of which is the Connexion GXL Liner.

23.    By placing the hip replacement device including the Connexion GXL Liner into the stream of commerce, EXACTECH impliedly warranted that it was fit, safe, and merchantable for its intended use.

24.    The Connexion GXL Liner placed into the stream of commerce by EXACTECH and implanted into the body of Plaintiff, ALICE MURTAS, was degraded before being implanted into the body of Plaintiff, ALICE MURTAS, and was therefore not fit, safe, or merchantable for its intended use.

25.    EXACTECH breached the implied warranty relating to the Connexion GXL Liner because it was not fit for its intended purpose, resulting in personal injuries suffered by Plaintiff, ALICE MURTAS, including a surgical procedure to remove and replace the failed hip implant device.

26.    Plaintiff, ALICE MURTAS, was a foreseeable user of the hip implant device including the Connexion GXL Liner designed, manufactured, and placed into the stream of commerce by EXACTECH.

27.    As a direct and proximate result of one or more of the breach of implied warranties by EXACTECH, Plaintiff ALICE MURTAS, was severely and permanently injured, suffered past and future pain and suffering, suffered past and future disability and/or loss of normal life, suffered past and future emotional

8

distress, suffered permanent disfigurement, and sustained a loss of past wages and will continue to suffer a loss in earning capacity for the remainder of her work life.

WHEREFORE, the Plaintiff, ALICE MURTAS, prays judgment against the Defendants, EXACTECH, for a sum in excess of the jurisdictional limit of the United States District Court, Northern District of Illinois, which shall represent fair and just compensation.

**COUNT IV**
**BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

1. – 21. Plaintiff hereby adopts and realleges Paragraphs 1 through 21 of the Statement of Facts as paragraphs 1 through 21 of Count IV.

22. On and before April 25, 2017, EXACTECH manufactured, distributed, and/or sold the hip replacement device which included the Connexion GXL Liner that was intended for use in total hip replacement procedures.

23. On April 25, 2017, Plaintiff, ALICE MURTAS, underwent a surgical procedure to implant the hip replacement device including the Connexion GXL Liner based on EXACTECH's representation that said product was warranted for use in total hip replacement procedures.

24. EXACTECH knew or should have known that patients including Plaintiff, ALICE MURTAS, intended to use EXACTECH total hip replacement device including the Connexion GXL Liner for use in total hip replacement procedures and EXACTECH also knew patients like Plaintiff, ALICE MURTAS, relied on EXACTECH to design, manufacture supply, sell and place into the stream of commerce a product suitable for that use.

25.    EXACTECH breached its Warranty of Fitness for a Particular Purpose to Plaintiff, ALICE MURTAS, in one or more of the following ways:

(a)    Failed to design the Connexion GXL Liner in a manner that was safe for its intended use:

(b)    Failed to design and manufacture the packaging wrap containing the Connexion GXL Liner in a manner that ensured the liner was safe for its intended use;

(c)    Failed to design and manufacture the packaging wrap containing the Connexion GXL Liner in a manner that prevented premature oxidation of the Liner prior to its surgical implantation in the Plaintiff;

(d)    Failed to timely recall the defective Connexion GXL Liner at the earliest date that it became known that the Liners were defective and dangerous;

(e)    Failed to safely ship the Liner in a manner to prevent premature degradation of the product prior to its implantation into the Plaintiff.

26.    As a direct and proximate result of one or more of the breach of implied warranties by EXACTECH, Plaintiff, ALICE MURTAS, was severely and permanently injured, suffered past and future pain and suffering, suffered past and future disability and/or loss of normal life, suffered past and future emotional distress, suffered permanent disfigurement, and sustained a loss of past wages and will continue to suffer a loss in earning capacity for the remainder of her work life.

WHEREFORE, the Plaintiff, ALICE MURTAS, prays judgment against the Defendants, EXACTECH, for a sum in excess of the jurisdictional limit of the United States District Court, Northern District of Illinois, which shall represent fair and just compensation.

## COUNT V
### NEGLIGENCE

1.-21. Plaintiff hereby adopts and realleges Paragraphs 1 through 21 of the Statement of Facts of this Complaint at Law as paragraphs 1 through 21 of Count V.

22. On and before April 25, 2017, and at all times relevant herein, it was the duty of EXACTECH to exercise ordinary care in the research, design, testing, manufacture, maintaining quality control, marketing, sale and/or distribution of its products, including the Connexion GXL Liner, so as to avoid unnecessary harm and/or injury to individuals that are exposed to its products, including Plaintiff, ALICE MURTAS.

23. On April 25, 2017, and at all times relevant herein, EXACTECH was negligent in one or more or all of the following ways:

(a) Failed to design the Connexion GXL Liner in a manner that was safe for its intended use:

(b) Failed to design and manufacture the packaging wrap containing the Connexion GXL Liner in a manner that ensured the liner was safe for its intended use;

(c) Failed to design and manufacture the packaging wrap containing the Connexion GXL Liner in a manner that prevented premature oxidation of the Liner prior to its surgical implantation in the Plaintiff;

(d) Failed to timely recall the defective Connexion GXL Liner at the earliest date that it became known that the Liners were defective and dangerous;

(e) Failed to safely ship the Liner in a manner to prevent premature degradation of the product prior to its implantation into the Plaintiff.

24. As a direct and proximate result of one or more of the breach of implied warranties by EXACTECH, Plaintiff, ALICE MURTAS, was severely and

permanently injured, suffered past and future pain and suffering, suffered past and future disability and/or loss of normal life, suffered past and future emotional distress, suffered permanent disfigurement, and sustained a loss of past wages and will continue to suffer a loss in earning capacity for the remainder of her work life.

WHEREFORE, the Plaintiff, ALICE MURTAS, prays judgment against the Defendants, EXACTECH, for a sum in excess of the jurisdictional limit of the United States District Court, Northern District of Illinois, which shall represent fair and just compensation.

Respectfully Submitted,
CURCIO LAW OFFICES

By:    /s/ *Robert J. Curcio*
       Robert J. Curcio

Robert J. Curcio (ARDC No.: 6328454)
Curcio Law Offices
Attorneys for Plaintiff
161 North Clark Street
Suite 2240
Chicago, Illinois 60601
312-321-1111
notice@curcio-law.com
rcurcio@curcio-law.com